[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
1. The above-entitled matter is a de novo appeal from the Court of Probate of the Town of North Branford.
2. The relief requested in this matter involves the interpretation and constitutionality of a regulatory statute, duly enacted according to the laws of the state of Connecticut.
3. Unless the state of Connecticut is made a party to this action, it will forfeit all rights it may wish to exercise in defense of its law.
Wherefore, the court, pursuant to Conn. Gen. Stat. 52-107
and Connecticut Practice Book 99, sue sponte, hereby
ORDERS that the State of Connecticut be made a party defendant to this action and that the plaintiff amend her complaint (appeal) to state facts, as contained above, showing the interest of the State of Connecticut in this action, and make service of this order and the amended action on the defendant State of Connecticut.
BY THE COURT:
Gordon, J.
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
GORDON, J.
This is an appeal from the decision of the North Branford Probate Court. As no record was maintained below, this is a proceeding de novo. The plaintiff in this proceeding is Rita Salerno, Conservatrix of the Estate of her husband, Pasquale Salerno.
The matter is now before the court on the plaintiff's motion for summary judgment, requesting that her appeal be sustained and that the court declare she is entitled, as a matter of law, to CT Page 5981 enter into a fee arrangement for the representation of her incapacitated husband, the terms of which are, or may be, contrary to Conn. Gen. Stat. 52-251c.
While the plaintiff does not contest factual findings made below, because this matter is de novo, factual issues do exist. Plaintiff has addressed these issues in the materials submitted in support of her motion for summary judgment. Because of the matter's procedural posture, there is no one in opposition to the plaintiff; therefore, no material., raising questions of fact have been submitted in opposition to the motion.
It appears to the court that the question raised by the plaintiff cannot be determined, without prejudice, in the absence of the state of Connecticut. The challenged statute was duly enacted and is regulatory in nature. The state, therefore, is a necessary party
Therefore, the court directs that in accord with the order attached hereto, the State of Connecticut be made a party defendant. The motion for summary judgment is denied, without prejudice.
BY THE COURT:
Gordon, J.